**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**CORY D. BRADLEY**                                                                               **PETITIONER**

**VS.**                               **CASE NO. 2:11-cv-00072 DPM/HDY**

**T.C. OUTLAW, WARDEN,
FCI FORREST CITY, ARKANSAS**                                                **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Cory D. Bradley, in custody at FCI Forrest City, Arkansas, brings this action pursuant to 28 U.S.C. § 2241. He challenges the manner in which his sentence is being executed, alleging that a disciplinary court conviction was not supported by adequate evidence.

On January 23, 2010, Mr. Bradley was charged with possession of a weapon. On February 5, 2010, a disciplinary hearing was conducted by Officer L. Ward. Officer Ward recorded that Mr. Bradley denied the charge, stating he did not have access to the area where the weapon was found. Officer Ward noted that he received confidential information in support of his findings, and that information was not revealed to Mr. Bradley. Officer Ward made these specific findings:

> I find you committed the prohibited act of possession of a weapon, code 104, at FCC

> Forrest City, Arkansas. This finding is based in part on the written report of Officer Hill, who states in summary, on January 23, 2010, at approximately 6:50 pm, during a random search of cell 132, in C-4 Unit, he found two sharpened pieces of steel inside the bottom compartment of the toilet. One weapon was approximately 7 inches long, copper in color, with a black cord wrapped around one end. The cord was held in place with red tape. The other weapon was silver in color, sharpened on one end, and had a handle made from black, red and green tape. It was approximately 8 inches long. It also had a sheath made out of the same tape. You, Bradley, reg. No. 31675-044, are assigned to cell 132 in C04 Unit.
>
> I considered your statement to the investigating Lieutenant, wherein you denied the charge stating you did not have access to the weapon and it was already in your cell. I also considered your refused to participate in the UCD hearing. It is reasonable to believe an individual who was falsely accused of having committed a prohibited act would, at a minimum, make a statement denying the charges.
>
> During the DHO hearing, you again denied the charge, stating you had no access to the weapon.
>
> Though I considered your denial and your statement you had no access to the weapon, you provided no further information to support your claim, nor has any other inmate, specifically your cellmate, claimed sole ownership. It is reasonable to believe in a correctional setting, though you may not have had ready access to the area in which the weapon was found, with effort and time, it is possible and plausible you could gain access. It is imperative in a correctional setting, inmates maintain their living areas free of contraband at all times. It is obvious this did not occur in this situation. Your responsibility for ensuring your cubicle is free of contraband establishes your culpability in this matter. I have given greater weight to the eyewitness account of Officer Hill, who states he found the weapon in a common areas of your assigned living quarters. Officer Hill has a moral and legal obligation to report the facts while in the performance of his duties. You on the other hand are under no such obligation. Further, you are facing serious sanctions, which could lead you to be less than honest. The supporting documentation, specifically the photographs, provides compelling evidence you were in possession and had access to a homemade weapon. . . Possessing a weapon is a prohibited act.

Docket entry no. 1, pages 6-7. Mr. Bradley was sentenced to 60 days disciplinary segregation, disallowed 41 days of good conduct time, and lost 180 days of commissary/visits/phone. Mr. Bradley appealed the disciplinary conviction, again urging that he had no way of gaining access to the area where the weapons were found. On January 19, 2011, Harrell Watts, Administrator of

National Inmate Appeals, denied Mr. Bradley's appeal. Watts agreed with the Disciplinary Hearing Officer's finding that it was "possible and plausible you could gain access to" the area where the weapons were found.

Mr. Bradley does not quarrel with the manner in which the disciplinary conviction was obtained. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). Instead, his challenge is simply that the decision was wrong. We should note, however, that the federal courts do not provide a de novo review of a prison disciplinary court's findings. *Cummings v. Dunn*, 630 F.2d 649, 650 (8th Cir. l980); *Willis v. Ciccone*, 506 F.2d l0ll, l0l8 (8th Cir. l974). The only inquiry to be made by this Court is, therefore, whether "some evidence" supports the decision of the disciplinary board. *See Superintendent v. Hill*, 472 U.S. 445, l05 S. Ct. 2768, 86 L.Ed.2d 356, 365 (l985). *See also Brown v. Frey*, 807 F.2d l407, l4l4 (8th Cir. l986).

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." Ascertaining whether this standard is satisfied does not require an examination of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. We decline to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither is the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

*Superintendent v. Hill*, 472 U.S. at 455-56.

Mr. Bradley urges the Court to believe his version of the events. Specifically, he asks the Court find that he did not have access to the area in question. The pertinent standard set forth in *Hill*, however, does not invite the Court to weigh the credibility of the witnesses. Instead, our

inquiry is whether there is any evidence to support the guilty verdict. In this case, evidence cited in the DHO report constitutes "some evidence" to support the disciplinary conviction, satisfying the requirement of *Hill v. Superintendent, supra.*. The DHO is charged with, among other things, evaluating the credibility of the witnesses. The petitioner's disagreement with the credibility assessment of the DHO does not overcome the ruling when there is some evidence to support the DHO's decision. As a result, we find no merit to the petitioner's claim for relief.

Based upon the foregoing, we recommend that the petition for writ of habeas corpus be dismissed, and the relief requested be denied.

IT IS SO ORDERED this  13  day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE